Michael H. Artan (State Bar No. 97393)
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017
Tele:  213/688-0370 Fax: 213/627-9201
Email: michaelartan@yahoo.com

Glen T. Jonas (State Bar No. 166038)
Jonas & Driscoll
1108 Sartori Avenue, Suite 320
Torrance, CA 90501
Tele: 213/683-2033 Fax: 310/218-4980
Email: glenjonas@aol.com

*Counsel for Defendant
Serge Obukhoff*

# UNITED STATES DISTRICT COURT,

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>SERGE OBUKHOFF,<br><br>        Defendant.<br>_____/ | Case No.: 8:18-cr-00140-JLS<br><br>**DEFENDANT'S MOTION IN LIMINE NUMBER TWO**<br><br>Before the Honorable Josephine L. Staton<br>United States District Judge<br><br>Date:  August 2, 2021<br>Time:  9:00 a.m. |

/ / /

/ / /

**TO THE CLERK OF COURT, AND THE UNITED STATES ATTORNEY FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE, on August 2, 2021, at 9:00 a.m., defendant Serge Obukhoff will move the Court for orders consistent with his Motion in Limine Two, which is set forth below.

Respectfully submitted,

Dated:  August 1, 2021      /s/ Michael H. Artan

_____
Michael H. Artan
*Counsel for Defendant*
*Serge Obukhoff*

Dated:  August 1, 2021      /s/ Glen T. Jonas

_____
Glen T. Jonas
*Counsel for Defendant*
*Serge Obukhoff*

# POINTS AND AUTHORITIES IN SUPPORT
# OF MOTION IN LIMINE NUMBER TWO

I.   INTRODUCTION.

During opening statement, defense counsel quoted the prosecutor Joseph McNally's statement to the court, from the record on January 11, 2019, wherein it was argued that MICHAEL DROBOT breached his plea agreement with the government.

MICHAEL DROBOT is the leader and engineer of arguably the largest healthcare fraud in United States history that went on for 15 years and raked in a half billion dollars.

In attempting to persuade this Court that MICHAEL DROBOT could not be trusted at the breach of agreement hearing, prosecutor McNally made the following statement:

> "Mr. Drobot has proven himself of (SIC) somebody who in my view is beyond redemption, somebody who even after being sentenced continues to deceive, continues to trick in order to advance his own agenda."

This statement was quoted by defense counsel at the current trial in the opening statement without objection. The prosecutor two days later verbally argued that his statements are inadmissible.

This argument is categorically false pursuant to the rules of evidence. It is admissible as a statement of a party opponent F.R.E. 801(d)(2)(A). As such, it is directly admissible and can be read into the record during cross examination without first establishing the witness's state of mind.

Additionally, as reflected in the minute order for the proceeding (Docket No. 265), the MICHAEL DROBOT was present. One would expect that Mr. Drobot

DEFENDANT'S MOTION IN LIMINE NUMBER TWO - 3

was keenly listening to the prosecutor's every word since ultimately, he was at risk of being charged with additional crimes.  He was in fact found in breach, charged, pled and now faces a maximum exposure of 50 years in prison.

The same prosecutor that said DROBOT is beyond redemption, among other things, is now in charge of his future, deciding in his sole discretion (along with the prosecution team) whether to recommend another sentencing reduction at the pending sentencing for DROBOT.  This is an extremely strong motive to lie.

More importantly, a government prosecutor is not free to argue inconsistent positions to bamboozle a jury.  It is expected that the prosecutor meant what he said to this Court sincerely.  Hence in a credibility contest between DROBOT and OBUKHOFF, the prosecutor's statement is highly relevant.

MICHAEL DROBOT and SERGE OBUKHOFF's version of events are in conflict on the most important issues regarding what was said to the defendant as it relates to his criminal intent.  The only other witness to those private conversations is deceased attorney Michael Tichon.

Thus, we have the word of the defendant versus the word of a master manipulating con-artist felon who continues to trick and deceive.  This goes to the very heart of the defense.

The goal of a trial is to reach the truth: the truth is that DROBOT is extremely manipulative and prone to tricking and deceiving people.  The evidence is highly relevant and admissible.

## II.   A GOVERNMENT PROSECUTOR IS A PARTY OPPONENT FOR THE PURPOSE OF F.R.E. 801(D)(2)(A)

In <u>United States v. Bakshnian</u>, 65 F.2d 1104 (U.S.D.C, Central Dist. CA, 1999) the defendant sought to admit at trial the statement of the prosecutor from a closing argument at the co-defendant's severed trial.

First, the Court ruled that the admission of a party opponent rule is applied to statements by a government prosecutor. Id. at 1106. (Citing *United States v. Salerno*, 937 F.2d 797 (2d Cir. 1991) (statement of government prosecutor); Kattar, 840 F.2d 933; Morgan 189 U.S. App. D.C. 155, 581 F.2d 933, see also, United States v. Warren, 310 U.S. App. D.C. 1, 42 F.3d 647, 655 (D.C. Cir. 1994) (statement of government agent); United States v. Deloach, 34 F.3d 1001, 1005 (11th Cir. 1994).)

Second, the Court ruled that the government is forbidden from taking inconsistent positions in proceedings. In ruling, the court stated, "…between one trial and another, the government may not take inconsistent positions as to what occurred."  Id. at 1108.

Third, the court ruled that "no guarantee of trustworthiness is required in the case of an admission." Id. at 1109.

Fourth, the Court rejected the "Mckeon" *U.S. v. McKeon*, 738 F.2d 26 (2d Cir. 1984) analysis because it is largely inapplicable to admissions of a prosecutor as opposed to a defendant's attorney which may infringe on "vigorous and legitimate advocacy." Id. at 1108.

The prosecutor's statement that his star witness DROBOT is subject to engaging in deceit, trickery and can't seem to stop lying is directly relevant to DROBOT's credibility. Since there will ultimately be a credibility contest between the defendant and DROBOT, excluding this evidence would severely prejudice the defendant and be a disservice to the jury's job of assessing the facts.

Defense counsel is not required to establish DROBOT's state of mind to establish admissibility. The statement is directly admissible as a party opponent admission.

Respectfully submitted,

Dated: August 1, 2021          /s/ Michael H. Artan

_____
Michael H. Artan
*Counsel for Defendant*
*Serge Obukhoff*

Dated: August 1, 2021          /s/ Glen T. Jonas

_____
Glen T. Jonas
*Counsel for Defendant*
*Serge Obukhoff*