TRACY L. WILKISON
Attorney for the United States,
Acting Under Authority
Conferred by 28 U.S.C. § 515
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JOSEPH T. MCNALLY (Cal. Bar No. 250289)
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorneys
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2272
     Facsimile: (213) 894-6269
     E-mail:    joseph.mcnally@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 18-140(A)-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO ADMIT STATEMENT |
| v. | |
| SERGE OBUKOFF, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California and Assistant United States Attorneys Joseph T. McNally and Jeff Mitchell, hereby files its opposition to Defendant's Motion in Limine No. 2.

//

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 1, 2021        Respectfully submitted,

TRACY L. WILKISON
Attorney for the United States,
Acting Under Authority
Conferred by 28 U.S.C. § 515

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

      /s/
JOSEPH T. MCNALLY
JEFF MITCHELL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

In United States v. Bakshinian, the primary case defendant relies upon, the district court found that a prosecutor's prior statement that "Bakshinian was a young man who is being used by [his coconspirator]" qualifies as a party admission under Rule 801(d)(2). See 65 F. Supp. 2d 1104, 1110 (C.D. Cal. 1999). Then the district court conducted a Rule 401/403 analysis and excluded the evidence holding "that the likelihood of confusion and waste of time outweighs the probative value of the statement" explaining that "the admission of a statement by the government in a prior case would raise substantial dangers of confusing the jury and wasting time." Id. at 1111. Next the court said the "defense is ordered to refrain from introducing or referring to the prior statement unless and until the Court rules in its favor." Id.[1]

This Court does not need to decide whether the prosecutor's statement qualifies as a party admission under Rule 801(d)(2).[2] Indeed, two cases that come to opposite conclusions regarding the application of Rule 801(d)(2) to a prosecutor's statement – Bakshinian and United States v. Zizzo, 120 F.3d 1338, 1351-52 (7th Cir. 1997) – agree that under circumstances similar to the case at bench, any such statements should be excluded under Rule 403.

---

[1] At the pre-trial stage, the Court held that it could not complete a Rule 401 analysis. See Bakshinian, 65 F. Supp. 2d at 1104. But the court nevertheless denied the defendant's in limine motion on Rule 403 grounds.

[2] The government is not aware of the Ninth Circuit addressing this issue.

1    Indeed, in United States v. Zizzo, the Seventh Circuit noted
2 that a prosecutor's prior statements do not generally qualify as
3 party admissions under Rule 801(d)(2).  See 120 F.3d at 1351 n.4.
4 But the Seventh Circuit did not need to resolve that issue because it
5 held that the district court was within its discretion when
6 excluding, on Rule 403 grounds, the prosecutor's statements regarding
7 a testifying cooperator and non-testifying cooperator who were part
8 of a Chicago crime syndicate.  See 120 F.3d at 1351.
9    Regarding the testifying cooperator, "during a hearing on the
10 government's motion to revoke his plea agreement following his
11 perjury" in a different case, the prosecutor "argued that the
12 cooperator's testimony would be more difficult to sell to juries in
13 the future."  Id.
14    Regarding the non-testifying cooperator, the prosecutor "(1)
15 submitted a memo to the probation office dubbing the cooperator 'an
16 inveterate and unrepentant liar'; (2) sent the cooperator's attorney
17 a letter stating that [the cooperator] was 'unworthy of belief'; and
18 (3) argued to the court that [the cooperator] was a liar."  Id.
19    Against the backdrop of other evidence that could be used to
20 impeach the cooperators' truthfulness, the district court excluded
21 the prosecution's statements because, among other reasons, they were
22 minimally probative, they would likely mislead the jury, and they
23 were cumulative.  See id. 1352.
24    Like the courts in Bakshinian and Zizzo, this Court should deny
25 Defendant's motion to allow use of the prosecutor's statement that
26 "Mr. Drobot has proved himself [as] somebody who in my view is beyond
27 redemption, somebody who even after being sentenced continues to
28 deceive, continues to trick in order to advance his own agenda."  The

minimum probative value of this statement is substantially outweighed by the unfair prejudice, risk of misleading the jury, and needlessly presenting cumulative evidence.

## II. LEGAL STANDARD

Under Rule 401, evidence is relevant when (1) it has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action.  In other words, "[r]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case."  Huddleston v. United States, 485 U.S. 681, 689 (1988) (citing Advisory Committee Notes on Fed. R. Evid. 401).

Under Rule 403, a district court has discretion to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  Thus, "[w]here the evidence is of very slight (if any) probative value, ... even a modest likelihood of unfair prejudice or a small risk of misleading the jury" will justify excluding that evidence.  United States v. Hitt, 981 F.2d 422, 424 (9th Cir. 1992).

## III. ARGUMENT

Defendant frames the issue at hand as a "credibility contest" between Mr. Drobot and defendant.  Dkt. 197 at 5.  Yet the government's case does not rely just on Mr. Drobot's uncorroborated testimony.  Instead, the government is calling numerous fact witnesses, experts, and cooperators, as well as introducing thousands of pages of corroborating documentation to prove Defendant's illegal

conduct. Thus, the Court's Rule 401/403 balancing should be made against the backdrop of all the trial evidence.

When viewed through this lens, the prosecutor's statement that "Mr. Drobot has proved himself [as] somebody who in my view is beyond redemption, somebody who even after being sentenced continues to deceive, continues to trick in order to advance his own agenda," is of minimal probative value, and that probative value is substantially outweighed by unfair prejudice, risk of misleading the jury, and needlessly presenting cumulative evidence.

### A. The Probative Value Of The Prosecutor's Statements Are Minimal.

The prosecutor's opinion, expressed at prior hearing, that Mr. Drobot is "beyond redemption" does not mean that Mr. Drobot cannot be truthful. After all, if Mr. Drobot testifies truthfully he may receive a benefit pursuant to a cooperation plea agreement, but that doesn't mean he has redeemed himself. The prosecutor's expressed opinion on redemption is not probative in any meaningful way. Moreover, the prosecutor's additional statements, that Mr. Drobot continued to deceive and trick in order to advance his own agenda, after he had already been sentenced, are simply statements about the evidence in the record of what Mr. Drobot did that lead to the breach of his plea agreement and the government charging him for a second time. They are not independent evidence of Drobot's false statements. The probative value of the prosecutor's statements are de minimus.

4

**B. The Prosecutor's Statements Are Unfairly Prejudicial, Will Mislead The Jury, And Needlessly Present Cumulative Evidence.**

Even if the prosecutor's statements are admissible under 401, they should be excluded for violating Rule 403 for several different reasons.

First, all of the factual issues Defendant wants to get in through the prosecutor's statement are part of the record and available to Defendant for cross-examination. Defendant can cross-examine Mr. Dorbot with his plea agreement; his breach of that plea agreement; the charges stemming from conduct that resulted in the breach of Mr. Drobot's plea agreement; Mr. Drobot's second plea agreement; and Mr. Drobot's admissions to the Court in that second plea agreement.

Things might be different if the government had let Mr. Drobot's post-sentencing, illegal conduct slide. But it didn't. The government breached Mr. Drobot's plea agreement and charged him with wire fraud, money laundering, and criminal contempt. The prosecutor's statements regarding Mr. Drobot's conduct are needlessly cumulative, in light of all the evidence available to Defendant for cross-examination.

Second, the prosecutor's statements regarding Mr. Drobot significantly risk confusing the jury. Indeed, they suggest that the prosecutor's personal opinions about witnesses matter – they do not. See United States v. Kerr, 981 F.2d 1050, 1053 (9th Cir. 1992) (criticizing prosecutor for "deliberately introduc[ing] into the case his personal opinion of the witnesses' credibility . . . . A prosecutor has no business telling the jury his individual impressions of the evidence.").

Additionally, as the district court in Bakshinian pointed out before excluding a prosecutor's prior statement, "a jury may have difficulty determining the probative value to attach to an argument by the prosecutor in a prior case . . . . instead of considering the statement as mere evidence, the jury could incorrectly conclude that it has an estoppel effect." See 65 F. Supp. 2d at 1110.

So here. Introducing the prosecutor's statements regarding Mr. Drobot significantly risks confusing the jury and leading them to believe that the government should be estopped from relying on Mr. Drobot or that Mr. Drobot's testimony cannot be relied upon – neither of which are accurate. The danger of confusing the jury is particularly acute where, as here, Defendant argues the prosecution is taking "inconsistent position to bamboozle a jury." Dkt. 197 at 4.

Third, the prosecutor's opinion that Mr. Drobot is "beyond redemption" is certainly language that will unfairly prejudice the jury as to Mr. Drobot and the government's case. Critically, the truth, or not, of a criminal cooperator's redemption does not really matter. Nothing in Mr. Drobot's cooperation plea agreement discusses whether he must redeem himself. Mr. Drobot is obligated not to commit new crimes, to provide truthful information, and to testify truthfully. Whether Mr. Drobot can redeem himself – personally, spiritually, cosmically, etc. – goes well beyond considerations that are proper for a jury.

**C. Other Issues Defendant Raises Do Not Matter.**

While citing case law that supports the exclusion of the prosecutor's statements, defendant weaves a few issues into his argument that merit brief response.

6

First, defendant notes that it mentioned the prosecutor's statements about Mr. Drobot, without objection from the government, in his opening statement — as if that matters. It doesn't. Defense counsel is an experienced trial lawyer. He knew that he ran the risk of discussing evidence during his opening statement that the Court may exclude. Indeed, as all trial lawyers know, this is a key purpose of pre-trial motions in limine. Defendant filed his motion in limine on this issue a week into the trial. The fact that defendant's counsel gambled during his opening statement by suggesting to the jury that the prosecutor had personally concluded its key witness was not credible without first securing the Court's ruling as to its admissibility should carry zero weight in the Court's decision as to its admissibility now.

Second, defendant says the government prosecutor "is not free to argue inconsistent positions to bamboozle a jury." Dkt. 197 at 4. Sure. But the prosecutor did not say Mr. Drobot is incapable of testifying truthfully – he said Mr. Drobot was "beyond redemption" – those are not the same thing. Moreover, even if defendant's characterization is correct, prosecutors are not allowed to tell juries that they personally believe their cooperators are telling the truth. See Kerr, 981 F.2d at 1053. So Defendant's concern about "inconsistent positions" is illusory.

**IV.  CONCLUSION**

For the above reasons, the Court should deny Defendant's motion in limine No. 2.

7