TRACY L. WILKISON
Attorney for the United States,
Acting Under Authority
Conferred by 28 U.S.C. § 515
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JOSEPH T. MCNALLY (Cal. Bar No. 250289)
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorneys
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2272
     Facsimile: (213) 894-6269
     E-mail:    joseph.mcnally@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 18-140(A)-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE TO LIMIT CROSS-EXAMINATION ON CERTAIN STATEMENT BY LAUREN PAPA |
| v. | |
| SERGE OBUKOFF, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California and Assistant United States Attorneys Joseph T. McNally and Jeff Mitchell, hereby files its motion in limine to limit Defendant's cross-examination on a certain statement by Lauren Papa. The parties conferred and are unable to reach an agreement.

//

//

This motion in limine is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 1, 2021   Respectfully submitted,

TRACY L. WILKISON
Attorney for the United States,
Acting Under Authority
Conferred by 28 U.S.C. § 515

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

         /s/
JOSEPH T. MCNALLY
JEFF MITCHELL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. ARGUMENT**

During defense counsel's opening, he referenced a statement attributed to government witness Lauren Papa in a government memorandum of interview – Ms. Papa said she was stupid financially and had taken hard money loans from a "Chinese bitch" named B.W. Defense counsel's reference to this statement is a blatant attempt to cast Ms. Papa as a racist and thereby inflame and unfairly prejudice the jury against one of Defendant's criminal coconspirators who will testify against him. Ms. Papa's reference to a third party as a "Chinese bitch" is not relevant to this case, and even if it is, the reference should be excluded under Rule 403. The Court should preclude defense counsel from cross-examining Ms. Papa regarding this statement.

Under Rule 401, "[r]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Huddleston v. United States, 485 U.S. 681, 689 (1988) (citing Advisory Committee Notes on Fed. R. Evid. 401).

Under Rule 403, a district court has discretion to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Thus, "[w]here the evidence is of very slight (if any) probative value, ... even a modest likelihood of unfair prejudice or a small risk of misleading the jury" will justify excluding that evidence. United States v. Hitt, 981 F.2d 422, 424 (9th Cir. 1992).

In this case, whether Ms. Papa referred to a third party, who is unassociated with this case, as a "Chinese bitch" is not relevant under the Rules of Evidence. To be sure, this statement would be relevant for purposes of bias if Defendant was a person of Chinese or agent descent. But he is not. Defendant is a white male from Russia who has been living and practicing medicine in the United States for decades. Thus, in the context of this case, Ms. Papa's statement does not meet the relevancy requirement of Rule 401 and the admissibility requirement of Rule 402.

Additionally, even if Ms. Papa's reference is somehow relevant, its minimal probative value is substantially outweighed by unfair prejudice. Indeed, this is a classic example of a witness's statement that does not show bias against Defendant, but that will likely inflame and prejudice the jury against a witness. Federal courts have precluded similar efforts to introduce evidence showing racial animus or general racial bias against defendants and witnesses under Rule 403.

In United States v. Sahakian, the district court precluded, under Rule 403, the government from introducing against the defendant– an Aryan Brotherhood member – evidence of his beliefs, associations, and "racial epithets" for the purpose of showing "general racial bias." See No. CR 02-938 (A) VAP, 2008 WL 11383346, at *7-8 (C.D. Cal. July 28, 2008). The court distinguished cases where evidence of racism was relevant to the case at hand, (such as hate crimes), and explained that "[b]y contrast, evidence of [the defendant's] association with the Ku Klux Klan, or his religious beliefs, or a general predilection for the use of racial epithets, is not necessary in order for the Government to explain to the jury the

nature of the Aryan Brotherhood, the organization which is the subject of the First Superseding Indictment in this case." Id.

Similarly, in United States v. Boyce, the district court, under Rule 403, precluded a defendant from introducing racist voice and text messages she had received from a witness who the defendant had allegedly stolen money from – and for which she had been indicted. See 759 F. App'x 259, 264 (5th Cir. 2019). "The defense intended to show not only [the witness's] bias against [the defendant], but also to cast [the witness] as a 'misogynist and a racist.'" Id. The Fifth Circuit affirmed, explaining that "[i]t is well within the discretion of the trial court to exclude evidence that arouses the jury's hostility or sympathy without regard to its probative value," and that although "the voice and text messages might have some probative value, their greatest stated value to the defense was their propensity to stir the jury's sympathy for Boyce and to arouse its anger toward Rogers." Id.

Preclusion of Ms. Papa's "Chinese bitch" statement in this case is more compelling than the courts' preclusion of statements in Sahakian and Boyce. Ms. Papa's statement has no nexus to the kickback conspiracy before this Court – in contrast to the nexus between the excluded evidence of racism and the Aryan Brotherhood in Sahakian. Additionally, Ms. Papa's statement was not directed to Defendant – in contrast to the excluded racist and misogynist voice and text messages from a witness who the defendant was indicted for stealing from. In short, to prevent defense counsel unfairly prejudicing the jury by casting Ms. Papa as a racist, any reference to Ms. Papa's statement should be precluded from cross-examination.

3

## II. CONCLUSION

For the above reasons, the Court should grant the governments motion in limine.