Michael H. Artan (State Bar No. 97393)
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017
Tele: 213/688-0370 Fax: 213/627-9201
Email: michaelartan@yahoo.com

Glen T. Jonas (State Bar No. 166038)
Jonas & Driscoll
1108 Sartori Avenue, Suite 320
Torrance, CA 90501
Tele: 213/683-2033 Fax: 310/218-4980
Email: glenjonas@aol.com

*Counsel for Defendant*
*Serge Obukhoff*

# UNITED STATES DISTRICT COURT,

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SERGE OBUKHOFF, <br><br> Defendant. <br>_____/ | Case No.: 8:18-cr-00140-JLS <br><br> **DEFENDANT'S OPPOSITION TO GOVERNMENT MOTION IN LIMINE TO EXCLUDE CROSS EXAMINATION ON STATEMENT BY LAUREN PAPA** <br><br> Before the Honorable Josephine L. Staton United States District Judge <br><br> Date: August 4, 2021 <br> Time: 9:00 a.m. |

/ / /

/ / /

**TO THE CLERK OF COURT, AND THE UNITED STATES ATTORNEY FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE, on August 2, 2021, at 9:00 a.m., defendant Serge Obukhoff will move the Court for orders consistent with his Motion in Limine Two, which is set forth below.

Respectfully submitted,

Dated: August 1, 2021     /s/ Michael H. Artan

_____
Michael H. Artan
*Counsel for Defendant*
*Serge Obukhoff*

Dated: August 1, 2021     /s/ Glen T. Jonas

_____
Glen T. Jonas
*Counsel for Defendant*
*Serge Obukhoff*

# POINTS AND AUTHORITIES IN SUPPORT
# OF MOTION IN LIMINE NUMBER TWO

## I. INTRODUCTION.

The full statement directly quoted as written in the MOI dated June 14, 2016, by reporting agent Brian Rudolph is as follows:

"Dr. Papa added that she never had a conversation with anyone regarding getting paid for referrals she sent to PHLP. She then stated that she was 'stupid financially' and that she had 'taken hard money loans' from a 'Chinese Bitch' named Bella Wu."

As the court well knows, based on the statement of facts attached to the guilty plea of Lauren Papa, she lied to the agents. However, she didn't just lie. She attempted repeatedly to manipulate the agents into believing her lie. She claimed poverty at multiple points in the interview as proof she didn't receive the bribes. To "sell" her point, she told the agents she was in such dire straits she had to take a loan. To sell her point, she feigns anger at the person who helped her. The wording she chose, was to demonstrate her anger. All of it a lie.

Her attack on Bella Wu is extremely relevant for the following reasons:
1. She made the same claims of poverty throughout her "friendship" with the defendant and manipulated him into loaning her money;
2. The statement demonstrates that to avoid prison/being charged/investigated, she is willing to attack those who have helped her;
3. When she attacks the people that she has manipulated into helping her, she does so with a particular venom. Meaning, the so-called prior friendship is not a bar to her using that person's good conduct to manipulate the agents and by extension the legal system. She feigns

anger, because she thinks the feigned anger makes her more convincing in selling her lies.

On direct exam, she feigned anger at her "friend" the defendant.  <u>The prosecution on direct exam repeatedly emphasized Lauen Papa's friendship with the defendant</u>.  She has stated, he is brilliant and that he is an excellent doctor.  The prosecutor has crafted the appearance once again, like he did with Dr. Tauber, of "the reluctant witness that truly likes Dr. Obukhoff, but alas, they are here to simply tell the truth."  By doing so, **he has knowingly placed this subject at issue,** knowing Papa's modus operandi of attacking those that help her.  **Knowing that she feigns anger, to sell her lie**.

In reality, Lauren Papa has continued lying to federal agents, just as DROBOT has done, using Dr. Obukhoff as her ticket to a reduced sentenced or as she put it for her hope of "leniency".

Her willingness, to feign anger, and her very particular methodology for doing so is important in assessing her credibility. She attacks the people who helped her in her time of need with venom, not because she is a racist, but because she thinks "taking it there" will make her seem credible.  It is one thing to lie, it is <u>another to engage in personal attacks within the lie because she thinks the personal attack will advance her agenda of manipulating the agents through feigning anger</u>.

It sharpens the focus on the lengths she is willing to go in manipulating and telling her lies.  The jury will see that clearly, but only if they receive the full context. To the extent the court has any concern, the court can issue a limiting instruction.

She refers to it as a "hard money loan." The implication being that this person who helped her, is charging high interest.  Therefore, Bella Wu is a predator.  Predators deserved to be attacked.  Hence, she must be telling the truth and never did she take a $10,000 bribe. Why else would she take a "hard money

loan" from this predator. Instead of using the term predatory lender, she chose "Chinese Bitch." That is her mind set. That people who help her are predatory and deserve to be attacked. However, what she is actually doing is lying within a lie to manipulate the agents, and <u>to sell the lie</u>, she <u>adds the spice of her terminology to show that she "believes" what she is saying to the agents</u>.

Its shocking how little we trust juries to follow instructions when its an issue that damages a prosecution witnesses' credibility.

While at times issues come up in trial that are not foreseen and therefore motions in limine can be filed during trial… this is not one of those issues. It is plainly in the MOI, and the use of bad words, or racial characterizations doesn't make an issue in-admissible. The prosecution waived its right to bring this motion when they had the opportunity and failed to file a Motion in limine before trial.

This MOI is from 2016. It is unfair and prejudicial for the prosecution to put a topic at issue and once again foreclose the defense from using evidence that reveals the character for dishonesty and the true nature of that dishonesty of its witness.

Respectfully submitted,
Dated: August 4, 2021                                    /s/ Michael H. Artan

                                                        _____
                                                        Michael H. Artan
                                                        *Counsel for Defendant*
                                                        *Serge Obukhoff*

Dated: August 4, 2021                                    /s/ Glen T. Jonas

                                                        _____
                                                        Glen T. Jonas
                                                        *Counsel for Defendant*
                                                        *Serge Obukhoff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S MOTION IN LIMINE NUMBER TWO - 6